UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HENDERSHOT,

                Petitioner,                Case No. 11-14508

v.                                         Honorable Patrick J. Duggan

RAYMOND BOOKER,

                Respondent.

_____/

## OPINION AND ORDER (1) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS; (2) DENYING A CERTIFICATE OF APPEALABILITY; AND (3) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner David Hendershot is a Michigan prisoner currently incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan.[1]  On October 13, 2011, Petitioner filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition, he alleges that Michigan Compiled Laws § 600.2963 is unconstitutional and that Michigan Compiled Laws § 750.193(1) creates a liberty interest, which entitles him to due process of law.  The Court concludes from its review of the petition and its exhibits that Petitioner's claims are not cognizable on habeas corpus review.  Accordingly, the petition is dismissed.

_____

[1]When he filed his habeas corpus petition, Petitioner was incarcerated at the Mound Correctional Facility in Detroit, Michigan.  He subsequently was transferred to the Central Michigan Correctional Facility.  Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, a petition must name as respondent the state officer who has custody of the petitioner–i.e., the warden of the facility where the petitioner is incarcerated.  Petitioner therefore named the warden of the Mound Correctional Facility as Respondent.  While usually the Court would *sua sponte* amend the caption to reflect a petitioner's current custodian, it will not do so in this case as it is summarily dismissing the petition.

## I.  Background

Petitioner alleges in his petition and attached exhibits that, in 1988, he was sentenced to imprisonment for sixteen to twenty-four years for second-degree murder in violation of Michigan Compiled Laws § 750.317.  While serving his sentence, Petitioner attempted to escape from custody.  He was apprehended, convicted of attempted escape in violation of Michigan Compiled Laws § 750.193, and sentenced to one and a half to two and a half years in prison for the attempted escape in 1991.  He began serving the attempted escape sentence in May 2002.  After completing the maximum sentence for the attempted escape, Petitioner was denied parole several times.  In 2008, however, the Michigan Parole Board released him on parole.

In 2010, Petitioner was remanded to the Michigan Department of Corrections ("MDOC") for violating the conditions of parole.  He subsequently was interviewed by the Parole Board, but denied parole on June 17 and December 13, 2010.

Petitioner applied to the Michigan Court of Appeals for a writ of mandamus, arguing that MDOC had a clear legal duty to terminate his second-degree murder sentence before requiring him to serve his sentence for escape.  He also alleged that Michigan Compiled Laws § 750.193(1) created a liberty interest, which is protected by the Fourteenth Amendment.  On August 12, 2011, the Michigan Court of Appeals returned Petitioner's mandamus petition and denied Petitioner's motion to waive the filing fee on the ground that Michigan Compiled Laws § 600.2963 requires prisoners to pay the filing fee for their civil actions.  The Court of Appeals ordered Petitioner to re-

2

submit his pleading with an initial partial filing fee of $43 within twenty-one days. *See Hendershot v. Dep't of Corr.*, No. 305370 (Mich. Ct. App. Aug. 12, 2011).

Petitioner apparently did not comply with the state court's order. Instead, he filed a motion to waive fees and an application for leave to appeal in the Michigan Supreme Court. In his application, he argued that Michigan Compiled Laws § 600.2963 was unconstitutional and that the state supreme court should consider the merits of his claims. Like the Court of Appeals, the Michigan Supreme Court denied Petitioner's motion to waive fees because Michigan Compiled Laws § 600.2963 requires prisoners to pay the filing fee for their civil actions. The state supreme court returned Petitioner's pleading and directed Petitioner to re-submit his pleading within twenty-one days with an initial partial filing fee of $42.00. The state court warned Petitioner that failure to comply with its order would result in the appeal not being filed. *See Hendershot v. Mich. Dep't of Corr.*, No. 143740 (Sept. 16, 2011).

Petitioner filed his current habeas corpus petition on October 13, 2011. He asserts the following grounds for relief in the petition:

> I.    MCLA 600.2963 is unconstitutional on its face as a bar of access to the courts based upon the unreasoned distinction of financial status.
>
> II.   MCLA 750.193(1) creates a liberty interest for the petitioner which is protected by the Due Process Clause of the Fourteenth Amendment.

## II.  Standard of Review

"The statutory authority of federal courts to issue habeas corpus relief for persons

3

in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, – U.S. – , 131 S.

Ct. 770, 783 (2011).  Pursuant to § 2254, a habeas petitioner is not entitled to the writ of

habeas corpus unless the state court's adjudication of his or her claims on the merits

> (1)    resulted in a decision that was contrary to, or involved an
>        unreasonable application of, clearly established Federal law,
>        as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable
>        determination of the facts in light of the evidence presented in
>        the State court proceedings.

28 U.S.C. § 2254(d).  Because no state court has adjudicated the merits of Petitioner's

claims, the deference due under § 2254(d) does not apply and review is *de novo*.  *Dorn v.*

*Lafler*, 601 F.3d 439, 442 (6th Cir. 2010).

### III.  Discussion

### A.  Michigan Compiled Laws § 600.2963

In his first habeas claim, Petitioner alleges that both the Michigan Court of

Appeals and the Michigan Supreme Court required him to pay an initial partial filing fee,

which he could not afford to pay.  Petitioner further alleges that, if he had paid the partial

filing fee, Michigan Compiled Laws § 2963(8) would have barred him from filing an

appeal in the Michigan Supreme Court until he paid the filing fee in the Michigan Court

of Appeals.  Petitioner contends that § 600.2963 is unconstitutional on its face because it

bars access to the courts based on a prisoner's financial status.

Section 600.2963 requires prisoners to pay the filing fee and costs for their civil

4

actions.  If the prisoner is indigent and the balance in his or her institutional account is less than the filing fee, the prisoner is required to pay an initial partial filing fee and monthly payments of fifty percent of deposits made to his or her account until the entire filing fee is paid.  Mich. Comp. Laws § 600.2963(1), (3), and (5).  "A prisoner who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid."  Mich. Comp. Laws § 600.2963(8).

Prisoners possess a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494 (1977).  Nevertheless, the writ of habeas corpus may be granted only if the prisoner "is *in custody in violation of* the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added). Petitioner's claim that the state appellate courts deprived him of access to the courts "has no bearing on the lawfulness of his incarceration.  Nor would [Petitioner's] ultimate success on the merits of the claim result in a speedier release from prison." *Jupiter v. Warden, USP Lewisburg*, 237 F. App'x 726, 728 (3d Cir. 2007).  Consequently, Petitioner's claim "does not lie at the core of habeas," and is not cognizable in this habeas corpus action.  *Id.*

### B.  Petitioner's Sentence

In his second and final claim, Petitioner alleges that Michigan Compiled Laws § 750.193(1) creates a liberty interest, which is protected by the Due Process Clause of the Fourteenth Amendment.  Section 750.193(1) reads in relevant part:

5

A person imprisoned in a prison of this state who breaks prison and escapes, breaks prison though an escape is not actually made, escapes, leaves the prison without being discharged by due process of law, attempts to break prison, or attempts to escape from prison, is guilty of a felony, punishable by further imprisonment for not more than 5 years. *The term of the further imprisonment shall be served after the termination, pursuant to law, of the sentence or sentences then being served.*

Michigan Compiled Laws § 750.193(1) (emphasis added). Petitioner claims that he is being wrongfully confined because MDOC forced him to begin serving his attempted escape sentence in 2002 without "terminating" his sentence for second-degree murder.

Although Petitioner couches his claim in federal constitutional terms, the real basis for his claim is that state officials failed to correctly calculate his sentence. The actual computation of his "prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*. 65 F. App'x. 958, 959 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475 (1991)). The Court therefore declines to grant habeas relief on the basis of Petitioner's second claim.

### IV. Conclusion and Denial of a Certificate of Appealability

For the reasons set forth above, the Court holds that neither of Petitioner's claims is cognizable on habeas corpus review.

To the extent Petitioner intends to appeal this Court's decision, he must first obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Section 2253 provides that a certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the

petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). When a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right *and* (2) the district court was correct in its procedural ruling. *Id*. This Court concludes that jurists of reason would not find the correctness of its assessment of Petitioner's claims debatable.

Accordingly,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **SUMMARILY DISMISSED**;

**IT IS FURTHER ORDERED**, that Petitioner is **DENIED** a certificate of appealability;

7

**IT IS FURTHER ORDERED**, that Petitioner is granted leave to appeal *in forma pauperis*.

Date:  November 28, 2011

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copy to:
David Hendershot, #194567
Central Michigan Correctional Facility
320 N. Hubbard
St. Louis, MI   48880

8